IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-cv-0411-MJR-CJP |
| ) | |
| NANCY K. MILLER, ) | |
| ) | |
| Defendant. ) | |

**JUDGMENT AND ORDER**
**DIRECTING SALE OF MORTGAGED PROPERTY**

REAGAN, District Judge:

On June 6, 2008, the United States of America ("the USA") commenced the above-captioned mortgage foreclosure suit against Nancy K. Miller. The parcel of property in question is located in Olney, Illinois, which lies within this Judicial District. Nancy K. Miller was properly served herein but failed to move, answer or otherwise plead in response to the amended complaint. Based on that failure, the USA secured a Clerk's entry of default on August 12, 2008, pursuant to Federal Rule of Civil Procedure 55(a)(*see* Doc. 6).

Now before this Court is the USA's motion for default judgment under Rule 55(b). Having carefully reviewed the record, the Court **GRANTS** the USA's motion for default judgment (Doc. 7), after **FINDING** as follows:

1. This Court has jurisdiction of the parties to and subject matter of this suit. Defendant was properly served and having failed to answer or otherwise enter any appearance herein was properly defaulted.

2. The USA, acting through the United States Department of Agriculture, Rural Development (formerly Farmers Home Administration), made a loan to Nancy K. Miller, which was secured by a mortgage dated May 12, 2008 (Exh. A to Complaint) in the total principal amount of $57,070.00. The mortgage was recorded on August 29, 1994 and April 10, 2000 in Richland County, Illinois as Mortgage Record Book 1994, Pages 7412-7415, as Document No. 2768, in Mortgage Record Book 1995, pages 5791-5795, as Document No. 1810, and Mortgage Record Book 2000, Pages 3350-3355, as Document No. 988. The loan is evidenced by a promissory note dated August 26, 1994, and June 22, 1995 (Exh. D and E). Defendant defaulted on the note. On January 3, 2007, the USA, acting through the United States Department of Agriculture, Rural Development, issued a notice of acceleration (Exh. C).

3. The following person may have claimed an interest in the above-described property but is foreclosed from asserting her claim, if any, because of her default in this action:

Nancy K. Miller.

4. By virtue of the mortgage and indebtedness thereby secured, the USA has a valid and subsisting lien as follows:

Common address: 704 North Van Street, Olney, Illinois 62450

Lot Thirty-Seven (37) in Block One (1) in Eastgate Addition to the City
of Olney, Richland County, Illinois

Tax ID #06-35-401-137

5. By virtue of the mortgage and the indebtedness thereby secured, as alleged in the complaint, the following amounts are due to the USA:

(a) For its own use and benefit for the costs of this suit and for:

|     | U.S. Attorney's docket and recording fees . . . . . . . | $390.00 |
|     | Title expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $303.00 |
|     | TOTAL | $693.00 |

(b) For the use and benefit of the USA, holder of the note secured by the mortgage aforesaid, but subject and subordinate to the lien for payment of the items mentioned in subparagraph (a) of this paragraph:

|     |     |
|---|---|
| Unpaid principal balance . . . . . . . . . . . . . . . . . . . | $53,575.81 |
| Subsidy recapture paid . . . . . . . . . . . . . . . . . . . . . | $15,761.67 |
| Accrued interest at $10.7306 per day due and unpaid as of September 16, 2008 . . . . . . . . . . . . . | $ 8,041.06 |
| TOTAL AMOUNT due the USA as of September 16, 2008, exclusive of foreclosure costs . . . . . . . . . . . . . . | $77,378.54 |

(c) In addition, the USA may be compelled to advance various sums of money in payment of costs, fees, expenses and disbursements incurred in connection with the foreclosure, including, without limiting the generality of the foregoing, filing fees, stenographer's fees, witness fees, costs of publication, costs of procuring and preparing documentary evidence and costs of procuring abstracts of title, certificates, foreclosure minutes and a title insurance policy.

(d) Under the terms of the mortgage, all advances, costs and other fees, expenses and disbursements are made a lien upon the mortgaged real estate and the USA is entitled to recover all advances, costs, expenses and disbursements, together with interest on all advances at the rate provided in the mortgage, or, if no rate is provided therein, at the statutory judgment rate, from the date on which the advances are made.

(e) To protect the lien of the mortgage, it may or has become necessary for the USA to pay taxes and assessments which have been or may be levied upon the mortgaged real estate.

(f) To protect and preserve the mortgaged real estate, it may also become necessary for the USA to make such repairs to the real estate as may reasonably be deemed for the proper preservation thereof.

(g) Under the terms of the mortgage, any money so paid or expended has or will become an additional indebtedness secured by the mortgage and will bear interest from the date the monies are advanced at the rate provided in the mortgage, or, if no rate is provided, at the statutory judgment rate.

6.      Richland County, Illinois has a valid lien on the above-described property for tax for the year 2008. The property will be sold subject to the interest of Richland County, resulting from taxes, general or special, which are a valid lien against the property.

Accordingly, the Court **GRANTS** the USA's motion for default judgment (Doc. 7).

**JUDGMENT IS HEREBY ENTERED** against Nancy K. Miller for **$78,071.54.** Unless Nancy K. Miller and her assigns and successors in interest to the above-described property pay to the USA, acting through the Farmers Home Administration, United States Department of Agriculture, **within three days from the date this Judgment/Order is entered on the docket,** the sum of ($78,071.54) with attorney's fees and court costs with lawful interest to be computed thereon from this date until paid, the real estate described in paragraph 4 of this Judgment/Order **SHALL BE SOLD AT PUBLIC SALE** to the highest bidder for 10% at time of sale and balance within 72 hours, subject to taxes, general or special, due and owing to Richland County, Illinois, by the United States Marshal for the Southern District of Illinois at the front door of the Richland County Courthouse in the City of Salem, Illinois.

The real estate shall be sold free and clear of any claimed lien of Nancy K. Miller.

The United States Marshal for the Southern District of Illinois shall give public notice of the time, place, and terms of such sale, together with a description of the premises as referred to in paragraph 4 of this Judgment/Order to be sold, by previously publishing the same once each week for three consecutive weeks as provided by law in a secular newspaper of general publication in the State of Illinois, the first publication to be not less than four weeks before the date of the sale. The United States Marshal may adjourn the sale so advertised by giving public notice by proclamation.

The USA or any party to this case may become the purchaser or purchasers at the

sale. Upon the sale being made, the United States Marshal shall execute and deliver to the purchaser or purchasers a certificate of sale, which certificate shall be freely assignable by endorsement thereon.

This is a foreclosure of a mortgage of residential real estate.

The amount required to redeem shall consist of the total balance due as declared above plus interest thereon at the statutory rate hereunder and all additional costs and other expenses allowed by the Court.

If the purchaser at the judicial sale of residential real estate is a mortgagor who is a party to this proceeding or its nominee, and if the sale price is less than the amount required to redeem specified in 735 ILCS § 5/15-1604, an owner of redemption has a special right to redeem for a period ending 30 days after the date the sale is confirmed by paying the mortgagee the sale price plus all additional costs and expenses incurred by the mortgagee set forth in the report of sale and confirmed by this Court.

The redemption period shall end at the later of the expiration of any reinstatement period provided for in 735 ILCS § 5/15-1602 or the date 60 days after the date the judgment of foreclosure is entered since the value of the mortgaged real estate as of the date of the judgment is less than 90% of the amount due, and the mortgagee waives any and all rights to a personal deficiency judgment against the mortgagor and against all other persons liable for the indebtedness or other obligations secured by the mortgage.

Out of the proceeds of sale, the United States Marshal shall retain his disbursements and fees. Out of the remainder of the proceeds, he shall pay to the USA $55,178.15, together with lawful interest to be computed thereon to the date of this Judgment/Order and any court costs of this

action in its behalf.

The United States Marshal shall take receipts from the respective parties from whom he may make payments aforesaid and file the same together with his report of sale to this Court. If the property shall sell for a sum more than sufficient to make the aforesaid payments, then after making the payments, the United States Marshal shall bring any surplus monies into Court without delay for further distribution by Order of this Court.

From the date of entry of this Judgment/Order through the 30th day after a foreclosure sale is confirmed by this Court, the mortgagor shall be entitled to retain possession of the above-described real estate.

After the 30th day the foreclosure sale is confirmed, the holder of the certificate of sale **shall be entitled to immediate possession** of the real estate, upon payment of the sale purchase price, without notice to any party or further Order of Court. The mortgagors shall peaceably surrender possession of the property to the certificate holder immediately upon expiration of the 30-day time period. In default of mortgagor so doing, an Order of Ejectment shall issue.

Upon or after confirmation of sale, the person who conducted the sale or the Court shall execute a deed to the holder of the certificate of sale sufficient to convey title, which deed shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deed. Signature and the recital in the deed of the title or authority of the person signing the deed as grantor, of authority pursuant to this judgment, and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of authority to execute the deed, but the deed shall not be construed to contain any covenant on the part of the person executing it.

Delivery of the deed executed on the sale, even if the purchaser or holder of the certificate of sale is a party to the foreclosure, shall be sufficient to pass the title thereto. The conveyance shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any non-record claimant who is given notice of the foreclosure as provided by statute.

If the monies from the sale are insufficient to pay sums due to the USA with interest after deducting the costs, the United States Marshal shall specify the amount of the deficiency in his report.

The Court **RETAINS JURISDICTION** of the subject matter and the parties hereto for the purpose of enforcing this Judgment/Order, and the United States Marshal shall report his actions to this Court at the earliest possible time.

IT IS SO ORDERED.

DATED this 29th day of September, 2008.

s/Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge